## BASH BEARD v. STATE.

No. A-801.    Opinion Filed April 16, 1912.

(122 Pac. 941.)

WEAPONS—Carrying Weapons—Constitutional Law.    The provisions of the Penal Code (sections 2744 and 2745, Comp. Laws 1909), prohibiting the carrying of weapons therein named, are not violative of section 26 of the Bill of Rights.

(Syllabus by the Court.)

*Appeal from Latimer County Court;*
*Cliff V. Peery, Judge.*

Bash Beard was convicted of a misdemeanor, and brings error.    Affirmed.

*Hudson & Pounders,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for the State.

PER CURIAM.    The plaintiff in error was convicted on an indictment returned into the district court and duly transferred to the county court of Latimer county, wherein he was charged with carrying on or about his person a pistol, and was sentenced to pay a fine of $25.    From this judgment he appeals.

The undisputed facts, as shown by the record, are that the defendant, having trouble with another employee at a mine, announced that he would get his gun and kill him; that he went to the mine office, and returned, carrying a pistol.

Section 2744, Comp. Laws 1909, provides:

"It shall be unlawful for any person in the state of Oklahoma to carry concealed on or about his person, saddle, or saddle bags, any pistol, revolver, bowie knife, dirk, dagger, slungshot, sword cane, spear, metal knuckles, or any other kind of a knife or instrument manufactured or sold for the purpose of defense except as in this article provided."

Section 2745 provides:

"It shall be unlawful for any person in the state of Oklahoma, to carry upon or about his person any pistol, revolver, bowie knife, dirk knife, loaded can, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided."

It is contended by defendant's counsel that these provisions of the Penal Code are in conflict with and repugnant to section 26 of the Bill of Rights, which provides:

"The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons."

This question was directly passed upon by the Supreme Court of the state in the case of *Ex parte Thomas*, 1 Okla. Cr. 210, 97 Pac. 260, 20 L. R. A. (N. S.) 1007. In an able and elaborate opinion by Mr. Justice Dunn, it was held that these provisions of the Penal Code are not violative of section 26 of the Bill of Rights of the Constitution of Oklahoma, but were valid laws of the territory of Oklahoma at the time of its admission, and were neither repugnant to the Constitution nor locally inapplicable, and therefore extended to and put in force in the state by the provisions of section 21 of the Enabling Act (Act June 16, 1906, c. 3335, 34 St. 277), and section 2 of the Schedule to the Constitution.

The principles of law enunciated in said case have our unqualified approval. We are clearly of opinion that the appeal in this case is wholly without merit.

The judgment of the county court of Latimer county is therefore affirmed.