## WALTER MATHEWS v. STATE.

No. A-5305.  Opinion Filed March 13, 1926.
(244 Pac. 56.)

Walter Mathews, in pro. per.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Payne county on a charge of carrying a concealed weapon, sentenced to confinement in the county jail for a period of 30 days, and to pay a fine of $50. The evidence is brief, and is, in substance, that the defendant is a practicing attorney of Payne county; that at the time the offense is charged the defendant appeared before a justice of the peace at Stillwater as attorney for some persons in that court, and at the time had in his right-hand coat pocket a revolver, the barrel of which protruded through the pocket and was exposed. The defendant admitted that he carried the pistol as alleged, and in justification testified that some time previous to the occasion he had become active in a fight against the Ku Klux Klan; that shortly before that time he had been attacked, taken two miles east, there suspended by a rope around his neck until breathless, and had been severely whipped; that numerous threats had been made against him; and that he carried the pistol for his protection. The contention is advanced that, under section 26 of the Bill of Rights of the state Constitution, he had a right to carry the pistol for his protection. This section of the Constitution is as follows:

"The right of a citizen to keep and bear arms in

defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons."

The prosecution was conducted under section **1991**, Comp. Stat. 1921, which is:

"It shall be unlawful for any person in the state of Oklahoma to carry concealed on or about his person, saddle or saddle bags, any pistol, revolver, bowie-knife, dirk, digger, slungshot, sword-cane, spear, metal knuckles or any other kind of knife or instrument manufactured or sold for the purpose of defense, except as in this article provided."

The Supreme Court had occasion to construe this statute in the case of Ex parte Thomas, 1 Okla. Cr. 210, 97 P. 260, 20 L. R. A. (N. S.) 1007, in which case it was held that the right to bear arms, as provided by section 26 of the Constitution, supra, has reference to arms of a military character, such arms as are used for purposes of war, and does not prevent the Legislature from prohibiting the carrying of weapons such as may be concealed about the person and used in private quarrels, and which do not contribute to the common defense; that the Legislature, in the exercise of the police power of the state, without any infringement of the constitutional rights of the citizens, may prohibit and punish the promiscuous carrying of arms. That case was approved and followed by this court in the case of Beard v. State, 7 Okla. Cr. 154, 122 P. 941. We adhere to the principles of law announced in those cases.

Under the record, however, as made in this case, we think that there are mitigating circumstances, and that the punishment imposed is too severe, and that the ends of justice will be subserved by remitting entirely

the jail sentence, and by reducing the fine imposed to the sum of $25, and, as so modified, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.