FRITZ PIERCE v. STATE.

No. A-6407. Opinion Filed March 16, 1929.
(275 Pac. 393.)

C. B. Leedy and L. E. Moyer, Jr., for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter referred to as defendant, was tried in Ellis county, Okla., on the 9th day of August, 1926, upon an information filed in the county court charging the defendant with unlawfully, willfully, and wrongfully carrying upon and about his (the said Fritz Pierce's) person, a Colt's

automatic revolver, without authority of law, and contrary to the statute in such cases made and provided.

The defendant was found guilty, and was sentenced to pay a fine of $25, from which judgment of the court the defendant appeals.

The facts as disclosed by the evidence of the state are: That J. A. Hanley, Mr. Devenney, and Mr. Thoroughman had gone to the premises of the defendant for the purpose of searching for a still. The officers had a search warrant to search the premises of the defendant, and, upon their arrival at the premises of the defendant, the defendant came to the door and had a gun on his person, on his right side in the top of his pants, stuck down under his belt, extending inside of his trousers, about half of the gun being visible. That this was an automatic revolver, about a .38. That, during the time the officers were present on the premises of the defendant, the defendant came out in the yard with his gun, and made trips into the house and out into the yard at different times during the time the search was being made. At the time the officers were ready to leave, one of the officers took the gun off the person of the defendant. No effort was made by the defendant to use the gun, but he claimed that he had the gun because he had heard that he was liable to be robbed, and that he had some money about his premises, and that he purchased the gun and kept it for the purpose of protecting himself against any intruders who might attempt to rob him.

There is but one question raised in the brief of the defendant, and that question is whether of not, under the Constitution and laws of the state of Oklahoma, the defendant had a right to carry a gun on his person while in his own house and yard.

The defendant in his brief states his allegation of error in the following language:

"All assignments will be considered in one assignment. That under the Constitution (Bill of Rights) Sec. 26, of Article 2, the defendant committed no offense, and the evidence is insufficient to sustain a conviction."

This contention presents squarely to this court the question of whether the Constitution and laws of the state of Oklahoma prevent any person from carrying any pistol, revolver, bowie knife, dirk knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon on his person while in his house or in the curtilage of his premises, and whether he may be convicted and punished for the act under the Constitution and laws of this state.

Section 26, article 2, of the Constitution of Oklahoma, reads as follows:

"The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereupon legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons."

The defendant is prosecuted under section 1992, C. O. S. 1921, which provides as follows:

"It shall be unlawful for any person in the state of Oklahoma to carry upon or about his person any pistol, revolver, bowie-knife, dirk-knife, loaded cane, billy, metal knuckles, except as in this article provided."

Section 1994, C. O. S. 1921, provides:

"Public officers while in the discharge of their duties or while going from their homes to their place of duty or returning therefrom shall be permitted to carry arms, but at no other time and under no other

circumstances: Provided, however, that if any public officer be found carrying such arms while 'under the influence of intoxicating drinks, he shall be deemed guilty of a violation of this article as though he were a private person."

Section 1995, C. O. S. 1921, provides:

"Persons shall be permitted to carry shot-guns or rifles for the purpose of hunting, having them repaired, or for killing animals, or for the purpose of using the same in public muster or military drills, or while traveling or removing from one place to another and not otherwise."

The defendant does not come within any of the exceptions mentioned in such statutes.

In the case of Ex parte Thomas, 1 Okla. Cr. 210, 97 P. 260, 20 L. R. A. (N. S.) 1007, in the syllabus of the case, this court held:

"The provisions of the Statutes of Oklahoma (sections 2502, 2503, Wilson's Rev. & Ann. St. Okla. 1903) prohibiting the carrying of the weapons therein set out are not repugnant to each other, or violative of section 26 of article 2 of the Bill of Rights of the Constitution of Oklahoma, but the valid provisions of such statutes extended to and put in force in the state by the provisions of section 21 of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 277) and section 2 of the Schedule of the Constitution."

The body of the opinion enlarges and discusses at length the right to carry a pistol or a concealed weapon. The court says the question now arises: "Is a pistol the character of arms in contemplation of the constitutional convention and of the people of the state when they declared that the right of a citizen 'to carry and bear arms,' etc., 'shall never be prohibited.' We hold that it is not and most of the states where it has been passed upon support us in

this conclusion. Bishop on Statutory Crimes, § 793; Andrews v. State, 3 Heisk. (Tenn.) 165, 8 Am. Rep. 8; Fife v. State, 31 Ark. 455, 25 Am. Rep. 374; Aymette v. State, 2 Humph. (Tenn.) 154; Hill v. State, 53 Ga. 472; City of Salina v. Blaksley, 72 Kan. 230, 83 P. 619, 3 L. R. A. (N. S.) 168, 115 Am. St. Rep. 196, 7 Ann. Cas. 925."

In Mathews v. State, 33 Okla. Cr. 347, 244 P. 56, the court said:

"The provisions of the statutes of Oklahoma (sections 1991, 1992, C. O. S. 1921), prohibiting the carrying of the weapons therein set out, are not violative of section 26 of article 2 (Bill of Rights) of the Constitution of Oklahoma."

"The evidence is brief, and is, in substance, that the defendant is a practicing attorney of Payne county; that at the time the offense is charged the defendant appeared before a justice of the peace at Stillwater as attorney for some persons in that court, and at the time had in his right-hand coat pocket a revolver, the barrel of which protruded through the pocket and was exposed. The defendant admitted that he carried the pistol as alleged, * * * and that he carried the pistol for his protection. The contention is advanced that, under section 26 of the Bill of Rights of the state Constitution, he had a right to carry the pistol for his protection. This section of the Constitution is as follows: 'The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons.' The prosecution was conducted under section 1991, Comp. Stat. 1921, which is: 'It shall be unlawful for any person in the state of Oklahoma to carry concealed on or about his person, saddle or saddle bags, any pistol, revolver, bowie-knife, dirk, dagger, slung-shot, sword-cane, spear, metal knuckles or any other kind of knife or instrument manufactured

or sold for the purpose of defense, except as in this article provided.' The Supreme Court had occasion to construe this statute in the case of Ex parte Thomas, 1 Okla. Cr. 210, 97 P. 260, 20 L. R. A. (N. S.) 1007, in which case it was held that the right to bear arms as provided by section 26 of tfhe Constitution, supra, has reference to arms of a military character, such arms as are used for purposes of war, and does not prevent the Legislature from prohibiting the carrying of weapons such as may be concealed about the person and used in private quarrels, and which do not contribute to the common defense; that the Legislature, in the exercise of the police power of the state, without any infringement of the constitutional rights of the citizens, may prohibit and punish the promiscuous carrying of arms. That case was approved and followed by this court in the case of Beard v. State, 7 Okla. Cr. 154, 122 P. 941. We adhere to the principles of law announced in those cases."

In 40 Cyc. pp. 856 to 864, inclusive, in discussing "Place and Manner of Carrying," we have this language:

"Under statutes making it an element of the offense of carrying a weapon that it be carried on or about the person, it is so carried when it is in the hand, or clothing of accused, or in a basket carried in his hand, or upon or under the seat of the vehicle in which he is riding, but not when it is in some other part of the vehicle. It is immaterial what locality a person is in when carrying a weapon, except where the statute expressly allows one to carry a weapon on his own premises or about his place of business, or except where it is a distinct statutory offense to carry a weapon to certain public places, assemblies, or gatherings. Neither is it material that the time and distance the weapon is carried is short, where it is wholly within the possession of accused during that time."

Section 40 of article 5 of the Constitution of Oklahoma provides:

"The Legislature shall provide for organizing, disciplining, arming, maintaining, and equipping the militia of the state."

Herein is shown clearly that the Constitution contemplates the maintenance of a militia, and, taking this in connection with the other provisions and the views expressed by the courts from whose decisions we have quoted and the history of and ends to be attained by the arms-bearing provisions, we believe there is no room for doubt that the arms defendant had a right to bear, and which right could never be prohibited him, relates solely to such arms as are recognized in civilized warfare and not those used by the ruffian, brawler, or the assassin.

Under article 2, § 26 (Bill of Rights), of the Constitution of Oklahoma, the Legislature has power to not only prohibit the carrying of concealed or unconcealed weapons described in sections 1991, 1992, C. O. S. 1921, but also has the power to even prohibit the ownership or possession of such arms. Some of the states under similar constitutional provisions have prohibited the ownership, but the Legislature of Oklahoma has not seen fit to go that far. As the law now is in this state, a person may lawfully own and possess any of the weapons in sections 1991, 1992, and may move such weapons from room to room in their place of residence, but may not wear them on their person and transport them about the yard as shown by the evidence to have been done by the defendant in this case.

In the trial of the case, the defendant testified substantially as follows:

"That he was a single man living alone, and a friend of his told him that three fellows, which were named, intended to rob or hi-jack him, and that he purchased this pistol about six weeks before the

officers came down to search, and had the pistol on his person, but had never carried it off the premises, that this was his only home, had lived at this place over a year, and owned other lands, but rented the lands out, that this place was a rented place, with only a house and small yard. That Jess Miles told him that Boyd wanted Miles to help hi-jack defendant, and defendant says he always had about $100.00 about his house. Defendant says he never threatened any one, told the officers to come in and search but they found nothing in the way of whisky or liquor."

In the case of Shepherd v. State, 35 Okla. Cr. 405, 192 P. 235, this court held:

"In a prosecution for carrying a concealed weapon, an offered defense that the revolver which defendant was carrying concealed on his person was a 44-caliber gun commonly known as an 'army gun,' and was carried to resist a threatened attack on his life, was not a sufficient defense."

There being no question of fact in this case, but merely one of law, we hold that the defendant was properly convicted of unlawfully carrying a revolver.

The judgment is therefore affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J. (dissenting). I cannot concur in the views of the majority opinion, wherein it holds that the defendant could carry the pistol he was carrying from room to room in his home but could not carry it into his yard, the curtilage of his home. Section 26, art. 2, of the Constitution of Oklahoma, is as follows: "The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons."

Section 1992, C. O. S. 1921, being the section under which this defendant is prosecuted, is as follows: "It shall be unlawful for any person in the State of Oklahoma to carry upon or about his person any pistol, revolver, bowie-knife, dirk-knife, loaded cane, billy, metal knuckles, or any other offensive or defensive weapon, except as in this article provided."

Under the Constitution, supra, the Legislature has regulated the carrying of weapons. There is no law which prohibits the defendant from owning and possessing the pistol he was carrying, for which he was arrested and convicted. It is urged by the defendant that, under section 26, art. 2 (Bill of Rights), he committed no offense, and that the evidence introduced by the state against him is insufficient to sustain a conviction. With this contention I agree. Several opinions of the court are cited in the majority opinion, none of which are applicable to the facts in this case, for the reason the party charged in the cases cited was away from his home and in a public place. There is no dispute as to the facts. All the evidence shows that the witnesses against the defendant went to defendant's home possessed with a search warrant to search the same; that, when they arrived at his home and advised the defendant that they had a search warrant to search his home, the defendant raised no objections; at the time of their arrival, the defendant had the pistol he is charged with unlawfully carrying stuck under his belt on the right side, in the top of his pants; that the officers found nothing called for in the search warrant. The testimony shows that, while they were searching, the pistol still being in defendant's belt where it was when they first arrived, the defendant walked into the yard, the curtilage of his home, and back into the house.

The search was completed by the officers without finding anything called for in the search warrant. They then took the pistol from the defendant and arrested him for unlawfully, willfully, and wrongfully carrying about his person a Colt's automatic revolver. The defendant insists that the testimony in this case is insufficient to sustain a conviction, for the reason that he was not carrying the pistol in violation of our statute; that, being at home and in his yard, the curtilage of his home, he had a right to own and possess the pistol he was carrying, and to carry it in his house and upon his yard, the curtilage of his home; and that in so doing he was not violating the law prohibiting the carrying of weapons. This seems to be the first time in the history of the criminal courts that any one has ever been arrested for carrying a weapon in his own home or within his yard, the curtilage of his home, under a statute regulating the wearing or carrying of a pistol. Many cases are found where the defendant has been arrested for carrying weapons in violation of the statutes of his state, yet I fail to find any where a man has been arrested and convicted for carrying a weapon that he had a right to own and possess in his house or in his yard, the curtilage of his home, nor does the majority opinion cite any case from any court in this or any other state where the defendant has ever been convicted for carrying a pistol in his home or his yard.

After a careful search of authorities, trying to find one case to sustain the majority opinion, I have failed. I find a case not exactly in point, but by analogy may be construed in defendant's favor. In Tucker v. State, 105 S. W. 499, the Court of Criminal Appeals of Texas, in passing upon the question, made the following statement:

"It is contended that the evidence is not sufficient.

There seems to be no practical contradiction in the evidence that appellant was arrested at home and carried by the officers to the county seat, and while en route was searched for weapons and none found. Upon reaching the jail, he was again searched and a knife found upon him, which the witnesses testified was not a dirk, and did not know whether it was a bowie knife or not, that it did not correspond with the definition of a bowie knife, and they did not know what sort of a knife it was."

The court further said:

"It is the state's case that he was arrested at his home, and carried under arrest to the county seat and placed in jail. When arrested at home, he had on the knife, and had no opportunity to get it at any other time or place, and being under arrest his actions were not voluntary, but in obedience to the wish and will of the officers."

"If he had carried the knife himself unfettered by the arrest off his premises, he might be guilty, but we do not believe the law intended, nor is it the law, that a party having on his person a pistol, or any interdicted weapon at his home, and being forced away with it on him, that it would be such a carrying of an inhibited weapon as would make him subject to punishment."

From an examination of the record, the defendant was at his home where he had a right to be, exercising peaceably his rights, and, in the exercise of those rights, he was not interfering with any other individual. I cannot believe that the defendant, by carrying the pistol in his house and into his yard, the curtilage of his home, violated the statute of this state. I do not believe that the intention of the Legislature, when it enacted the law regulating the carrying of weapons, intended to abridge the sacred right of a citizen of the state by prohibiting him from doing a certain thing within the walls of his home, and to say that he could not do the same in his yard, the curtilage of

that home. From time immemorial, the home, be it ever so humble, has been sacred—the castle of the occupant—with the right to repell invasion or any trespass thereon. For centuries the right to occupy that home has gone unchallenged. The curtilage to the home is a part of that home, and no court, so far as I have been able to find, has ever attempted to abridge the rights of the occupant of the home and to the exercise and use of the curtilage the same as the home. Without the unrestricted use of the curtilage, the home would be useless. To say that an individual may own and possess, and have the right to carry from one room to another in the house, a pistol, but that he cannot carry it into the yard, the curtilage, in my judgment strikes at the very foundation of the privacy of the home; its sacred protection that has been thrown around it since the organization of a home would be destroyed. The regulations of the carrying of weapons, in my judgment, was not intended to restrict the rights of an individual in his home and the curtilage thereto.

I think that the defendant was wrongfully convicted; that he violated no law when he was in his home or curtilage thereto in carrying the pistol he carried, and that his objections to the evidence were well taken and should have been sustained, and that the evidence is insufficient to sustain a conviction, and should be reversed, with directions to discharge the defendant.