GERALD LEE JOHNSON v. STATE OF INDIANA.

[No. 670S138. Filed June 4, 1971. Rehearing denied September 13, 1971.]

· *Forrest Bowman, Jr.,* of Indianapolis, *Chiappetta and Brumfield,* of Muncie, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the carrying of a pistol without a license in violation of the statute as found in Burns Ind. Stat., 1956 Repl., § 10-4736. Trial by jury resulted in a verdict of guilty. Appellant was sentenced to the Indiana State Prison for a period of six years.

The record discloses the following facts:

Donna Greer, her husband, and another couple were driving on the evening of October 5, 1968, when Mrs. Greer saw the appellant in his car. She stated she recognized the appellant as the person who had earlier that year exposed himself and made obscene remarks to her. She told her husband who the appellant was and they began to follow him. When the appellant stopped his car, Mr. Greer stopped his car, got out and approached the appellant, who was also out of his car. As Mr. Greer approached the appellant, he told him he wanted to talk to him. He said as he approached the appellant, he saw a flash and heard a noise that sounded like a small caliber pistol being fired. Thinking it was only a blank gun, he continued to approach the appellant. Greer and the appellant began to scuffle and were so engaged when police officers arrived on the scene. The officers informed the two men they had a report of a gunshot and asked the men if one of them had a gun. Whereupon the appellant surrendered his gun to the police officers. The officers asked the appellant if he had a permit to carry the gun. Appellant replied that he did not have a permit. The officers then placed the appellant under arrest for carrying the gun without a permit.

Appellant was taken to police headquarters where he was questioned concerning his address, age, date of birth, place of birth and place of employment. They also checked his physical description with the description on his driver's license.

Herschell Green, supervisor of records for the Indiana State Police, testified that his office keeps records of the applications for pistol permits. He stated that he had searched his records and had determined that no permit had been issued to the appellant.

John Carrick, a police officer of the city of Muncie, testified that he is in charge of records, including gun permit applications, and that no application had ever been submitted by the appellant, and that he had no knowledge of any permit ever being issued to the appellant.

Harry Howard, Sheriff of Delaware County, testified that the appellant had never made an application for a pistol permit with his office.

Appellant first contends there is insufficient evidence to sustain the conviction. He bases this contention on a claim that his own admission that he had no permit to carry the gun was not legally admissible in evidence, and that the testimony of officers who stated he had made no application for a permit was nothing but hearsay and conclusions of the witnesses. We find no merit in either argument.

It is appellant's position that when the officers arrived at the scene, the appellant should have been given his constitutional warnings as set out in *Escobedo* v. *Ill.* (1964), 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 and *Miranda* v. *Ariz.* (1966), 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, before the police officers asked him if he had a gun and if he had a permit to carry a gun. The constitutional warnings as set out in *Escobedo* and *Miranda* are required prior to *custodial interrogation* which results in statements either incriminating or exculpatory by the accused. These requirements are not applicable in a situation such as the case at bar where the police officers arrive at the scene of a disturbance and are in the process of making an investigation as to what in fact has occurred. During this investigative period it is not necessary for the officers to advise everyone to whom they speak of these constitutional rights.

*Stallings* v. *State* (1970), 255 Ind. 365, 264 N. E. 2d 618, 24 Ind. Dec. 26.

In a situation such as the case at bar when the police officers have reason to believe a weapon is in the possession of one of the persons present, logic dictates the first order of business to be the location of the weapon and the securing of the same by the police officers. This certainly is no time for the police officer to stop and conduct a course in constitutional law for the benefit of all present.

In the case at bar the appellant voluntarily surrendered the gun when asked by the police officers if he had one. The officers were not required to search his person to obtain the gun. When the appellant surrendered the gun to the officers upon their request, the officer rightfully and logically asked the appellant if he had a permit to carry the gun. This again did not fall within the *Miranda* rule requiring the officer to advise the appellant of his constitutional rights before asking the question. In situations where licenses or permits are required, such as a driver's license, a hunting and fishing license, or as in this case a permit to carry a pistol, any peace officer observing a person engaged in the activity for which a license or permit is required, may, when called upon to investigate such activity, ask the person in question if he has the required license or permit without first giving him the so-called "Miranda warnings." Such an inquiry by the officer is proper within the category of reasonable investigation. We hold that it is not the type of custodial interrogation which is prohibited without proper warning to the accused.

The Supreme Court of the United States stated in *Miranda, supra,* at pp. 477 and 478:

"General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement. In such situations the compelling atmosphere inherent in

the process of in-custody interrogation is not necessarily present.

"In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated."

We, therefore, hold the trial court did not err in permitting the police officers to testify that the appellant voluntarily surrendered his pistol to them at the scene of the altercation, and that the appellant stated at that time that he did not have a permit to carry the pistol.

As to the questions asked of the appellant after he was taken to the police station, these questions did not constitute an interrogation concerning any criminal activity. These questions were merely personal questions concerning appellant's identity. We hold that they in no way violated the rule set forth in *Miranda, supra.*

Appellant also contends it was error for the trial court to permit the various police officers to testify that they had searched their records and that the appellant had made no application for a permit with their various departments. In the first place, this Court has previously held that where the alleged crime is the possession of an article which under certain circumstances may be lawful, but is alleged in the particular case to be unlawful, it is not necessary for the State to negate the exceptions by stating and proving that the appellant does not come within the same. *Stanley* v. *State* (1969), 252 Ind. 37, 245 N. E. 2d 149, 16 Ind. Dec. 662. It was however, proper for the State to present the testimony of the various officers who had in their custody records which would record any application the appellant might have made to their respective departments for a permit to carry the pis-

tol. In each instance these officers were first qualified as having custody of the described records. Their testimony was entirely proper and was not hearsay as claimed by the appellant.

The appellant further points out that the licensing statute requires that the Superintendent of State Police is the person authorized to issue permits to carry pistols, and since the witness was not the Superintendent of State Police, his answer to the question was necessarily a conclusion based upon hearsay or speculation. Such is not the case. The witness was a member of the Indiana State Police who was specifically charged with the custody of the records in question. As such he was acting under the orders of and specifically for and on behalf of the Superintendent of State Police. See *Davis* v. *State* (1923), 193 Ind. 650, 141 N. E. 458. His oral testimony was entirely proper to establish that he had diligently searched the records under his control and that there was no record of a license issuing to the appellant. Burns Ind. Stat., 1968 Repl., § 2-1617a. This same rule is now found in T. R. 44(B) Indiana Rules of Procedure.

Appellant also contends that the punishment which he received in this case is cruel and unusual, and that it is a violation of the constitutional provision against cruel and unusual punishment. With this we do not agree. We have previously stated that the constitutional provision against cruel and unusual punishment does not prohibit imprisonment. *Taylor* v. *State* (1968), 251 Ind. 236, 236 N. E. 2d 825, 14 Ind. Dec. 303.

It is not for the courts to invade the province of the legislature in determining the amount of punishment for a particular crime nor will this Court invade the province of the jury acting within the framework of a given statute. *Gingerich* v. *State* (1948), 226 Ind. 678, 83 N. E. 2d 47, 479.

Appellant contends the court erred in refusing to give his tendered Instruction No. 1 which reads as follows:

"In order to convict the defendant of the crime with which he is charged, you must not only find beyond a reasonable doubt, that he violated the statute in question, you must further find that he intended to violate that statute. That is to say, as an element of its case, the State must prove that the defendant knew of the licensing requirements contained in the statute."

The above instruction is incorrect in that it states that the defendant was required to know of the licensing requirements contained in the statute. It is only necessary that the appellant intend to do the act which is a violation of a criminal statute. Appellant cites *Noble* v. *State* (1967), 248 Ind. 101, 223 N. E. 2d 755, 10 Ind. Dec. 88, to support his contention. However, in that case this Court stated at page 107:

"We believe that a *mens rea* or intent to violate the statute must exist in such instances to become a crime."

The Court does not say the State has a burden of proving that appellant had specific and technical knowledge of the wording of the statute. The statute prohibits the carrying of a pistol without a license. The evidence was adequate from which the jury could find that he was intentionally carrying a pistol without a license. We hold that the proof in this case amply meets the requirements of the *Noble* case, *supra*.

Appellant also contends the trial court erred in failing to give appellant's tendered Instruction No. 2 which reads as follows:

"Although there is a statute of the State of Indiana which forbids carrying a pistol in a vehicle without a license therefor, the defendant is not charged with that and you may not convict him on that theory."

It was obviously not error to refuse to give this instruction. Appellant was not charged with carrying a pistol in an automobile, it was not an issue in the case, and it would not have been proper for the trial court to have given the instruction. *Gross* v. *State* (1917), 186 Ind. 581, 117 N. E. 562.

Appellant contends that he was fearful of Mr. Greer, and that he obtained the firearm from his automobile to defend himself. There is no evidence in this record that the weapon was ever in any location in the automobile except on the person of the appellant. There is ample evidence from which the jury could find that no element of self-defense existed.

Appellant further claims with regard to his claim of self-defense that the court erred in refusing to give his tendered Instruction No. 3 which reads as follows:

> "If you find that the defendant was carrying a pistol in a vehicle, even unlawfully, and that he commenced to carry said pistol on his person upon alighting from his vehicle, and that he was carrying said pistol on his person at that time for the sole purpose of defending himself against an attack that reasonably appeared to him likely to occur at that time and place, then his act of carrying the pistol on his person, would be justified by the law of self-defense and he would be entitled to an acquittal."

The trial court correctly refused the above instruction. Among other things, there was no evidence that the pistol was ever in the vehicle other than on the person of the appellant. The instruction is further in error in that it presumes that even though he was carrying the pistol in the vehicle unlawfully that his possession suddenly became lawful when he became apprehensive of personal attack. This is not the law. Had the pistol been in a location which was lawful, and the appellant obtained it from such position to defend himself, we might have a legitimate question. But where the appellant's apprehension could only cause him to shift the pistol from one unlawful location to another, he cannot be heard to say that his possession suddenly became lawful. Burns Ind. Stat., 1956 Repl., § 10-4736 makes no exception for a person to carry a weapon for the purpose of self-defense. The appellant's possession of the weapon either in his automobile or on his person for the purpose of self-defense was not a defense available to appellant in this case. 56 Am. Jur., *Weapons and*

*Firearms,* § 14, p. 1000, citing *Pierce* v. *State* (1929), 42 Okla. Crim. Rep. 272, 275 P. 393, 73 ALR 833.

The trial court is in all things affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 879.