[No. 50539-0.  En Banc.  January 11, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT B. GONZALES, *Petitioner.*

*Katherine Steele Knox,* for petitioner.

*C. J. Rabideau, Prosecuting Attorney,* and *Philip A. Meyers, Deputy,* for respondent.

UTTER, J.—May a person charged under the first degree escape statute, RCW 9A.76.110(1), challenge the constitutional validity of the convictions which led to confinement? We affirm the judgment of the Court of Appeals and hold that in a prosecution for escape the State is not required to prove the defendant had been detained pursuant to a constitutionally valid conviction.

I

On Saturday, April 3, 1982, Robert B. Gonzales was detained at the Tri–State Work Release Facility pursuant to prior burglary convictions. At about 6:45 that morning, Gonzales signed out of the facility, telling the authorities that he was going to work. He indicated that he would return to the facility by 6 that evening. However, Gonzales did not return until about 8:30 p.m.

That afternoon, one of the corrections officers had contacted Gonzales' employer and discovered that the business was closed. When Gonzales finally returned to the work release facility, the correctional officer on duty told him that his work release was being suspended and that he was under arrest. Gonzales replied, "This ain't right. This just

ain't right," and ran out of the building and down the street. He eventually went to California, and was subsequently extradited to Washington.

The Franklin County Prosecutor charged Gonzales under the first degree escape statute, RCW 9A.76.110. Although the trial court initially dismissed the matter citing *State v. Danforth,* 97 Wn.2d 255, 258, 643 P.2d 882 (1982), it vacated the order on reconsideration by distinguishing *Danforth* on the facts. However, the trial court agreed with Gonzales that the State could only rely on constitutionally valid convictions to prove the "conviction of a felony" element of first degree escape.

The State presented evidence of three prior convictions, each based upon a guilty plea. In December of 1979, Gonzales had pleaded guilty in Walla Walla Superior Court to one count of second degree robbery. The court accepted Gonzales' plea and placed him on probation.

In 1980, Gonzales was charged with another second degree burglary in Grant County Superior Court and also with second degree theft. He agreed to plead guilty to the burglary charge and to possession of stolen property in exchange for dismissal of the theft charge.

The trial court in the present case held that Gonzales' two prior burglary convictions were valid and could be used to prove the escape charge. The court also held that the stolen property conviction could not be used because Gonzales' description of his conduct established his guilt only to misdemeanor possession. (The monetary amount for felony possession is $250. RCW 9A.56.040(1)(a).)

The trial court found Gonzales guilty of first degree escape. The Court of Appeals affirmed. *State v. Gonzales,* 37 Wn. App. 251, 680 P.2d 63 (1984).

## II

RCW 9A.76.110(1) provides that a "person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility." Gonzales

contends that "conviction of a felony" should be interpreted to refer only to constitutionally valid felony convictions. *State v. Gore,* 101 Wn.2d 481, 681 P.2d 227 (1984); *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980) (both interpreting the felon–in–possession statute, RCW 9.41.040, to require proof of a constitutionally valid predicate conviction); *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980) (habitual criminal statute requires proof of constitutionally valid prior convictions).

The present case is distinguishable from *Holsworth, Swindell* and *Gore. Holsworth* involves sentence enhancement based on prior convictions. This is not analogous to the situation before us. In *Swindell* and *Gore,* however, the State relied on one or more of the defendant's prior convictions to prove his guilt of a status–type crime. The affected group in *Gore* and *Swindell* consisted of persons convicted, in this state or elsewhere, of a crime of violence. *See* RCW 9.41.040.

■ Were the conduct prohibited by RCW 9A.76.110(1) similar to that prohibited by RCW 9.41.040, we would again require the State to prove a constitutionally valid conviction. The statute involved in *Gore* and *Swindell* forbade exercise of a constitutionally protected right based on a person's criminal history. RCW 9.41.040 prohibits a person convicted of a crime of violence from owning, possessing or controlling a pistol. The ability of the individual citizen to bear arms, although subject to reasonable regulation by the State, *State v. Krantz,* 24 Wn.2d 350, 353, 164 P.2d 453 (1945), is unquestionably a constitutionally protected right. *State v. Rupe,* 101 Wn.2d 664, 706, 683 P.2d 571 (1984); Const. art. 1, § 24. The first degree escape statute, however, impinges upon no constitutionally protected rights. No constitutional right of escape could exist under even the most innovative interpretation of the state or federal constitution.

We today join the courts in the vast majority of jurisdictions in refusing to permit defendants charged with escape to challenge the legality of their confinement at the escape

trial. *See* Annot., *What Justifies Escape or Attempt To Escape or Assistance in That Regard,* 70 A.L.R.2d 1430 (1960 & Supp. 1984). The petitioner, and others in his position, still retain the opportunity to attack their confinement due to their original charges in a personal restraint petition.

BRACHTENBACH, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DOLLIVER and ANDERSEN, JJ., concur in the result.

WILLIAMS, C.J. (concurring in the result)—This court has consistently construed the word "conviction" used in criminal statutes to mean a valid, constitutional conviction. The majority's departure from prior precedent is wholly inexplicable and unnecessary. I would require the State to prove the constitutional validity of the prior conviction in the crime of first degree escape. Because I agree with the trial court that the defendant's two prior burglary convictions were valid, I concur only in the result reached by the majority.

Earlier this year a unanimous court held that convictions in the felon in possession of firearms statutes require a constitutionally valid conviction. *State v. Gore,* 101 Wn.2d 481, 681 P.2d 227 (1984). RCW 9.41.040 forbids a person who has been convicted of a crime of violence from possessing a pistol. We recognized that two alternative meanings of "convicted" may be read in the statute: (1) any outstanding felony conviction may serve as the predicate for the crime, or (2) only a constitutionally valid conviction may suffice. Following the rule of lenity, we were required to construe the statute strictly in favor of the defendant, and held constitutionally valid convictions must be shown.

A prior felony conviction, which elevates escape from custody to first degree escape rather than second degree escape, is also subject to the same two alternative readings. The majority has offered no reasoning why the rule of lenity ought not be followed here as well.

In *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980), also involving the felon in possession statute, we required the State to prove the constitutional validity of the underlying prior felony conviction beyond a reasonable doubt. There we reasoned that the present use of a prior conviction was an element of the crime. The prosecution for first degree escape likewise contains the element of a prior conviction of a felony. That the prior conviction is an element of the crime is amply illustrated by the difference between first and second degree escape. Second degree escape does not require that custody be pursuant to a felony conviction.

We have also required that prior convictions be constitutionally valid convictions when used in habitual criminal proceedings. *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). There we stated that the challenge to the use of a prior conviction was neither collateral nor retroactive, but rather a challenge "to the present use of an invalid plea in a *present* criminal sentencing process." *Holsworth,* at 154. Here, too, the defendant is challenging the present use of his prior conviction.

The majority's attempts to distinguish the present situation from those in *Gore, Swindell,* and *Holsworth* escape my comprehension. The majority says that the *Holsworth* habitual criminal proceedings are not analogous. While I concede that habitual criminal proceedings and criminal trials are different, the issues in both settings are identical. The issue is whether a reference in a criminal statute to a prior conviction requires the conviction to be a constitutionally valid one. In *Swindell* the challenge to the prior conviction also arose in the criminal trial, as here. There we stated: "Defendant's challenge is thus indistinguishable from *State v. Holsworth.*" (Citation omitted.) *Swindell,* at 196.

The distinction made by the majority to evade the precedent in *Gore* and *Swindell* is particularly lacking in merit. The courts in *Swindell* and *Gore* did not resort to any sort of weighing of the right to bear arms to support their conclusions. If there is a collateral constitutional issue

at all, it is the right to liberty absent a constitutionally valid conviction of a crime. Whether a crime impinges on a constitutional right is irrelevant to the issue of whether the State has met its burden of proving each element of a crime.

Subsequent to our decision in *Swindell,* the Legislature amended RCW 9.41.040, Laws of 1983, ch. 232, § 2, to clarify what constitutes a "conviction" for purposes of the crime of illegal possession of a short firearm or pistol. RCW 9.41.040(3) provides, "a person has been 'convicted' at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings . . ." The Legislature has not amended the judicial interpretation of "conviction" in regard to the crime of first degree escape. As I earlier stated, the Legislature has drawn a distinction between first and second degree escape; that distinction principally being the conviction of a felony. *See* RCW 9A.76.110 and RCW 9A.76.120.

The majority has offered no explanation of why the court should depart from the rule of lenity nor put forth a plausible distinction from the prior precedent of *Gore, Swindell,* and *Holsworth.* I am unable to conceive of a valid distinction and thus disagree with the rationale employed by the majority.

PEARSON, J., concurs with WILLIAMS, C.J.

Reconsideration denied March 11, 1985.