[No. 28734-0-II.   Division Two.   July 1, 2003.]

THE STATE OF WASHINGTON, *Respondent* v. LARRY D. CRANDALL, *Appellant*.

*Suzan L. Clark*, for appellant.

*Arthur D. Curtis*, *Prosecuting Attorney*, and *Richard A. Melnick*, *Deputy*, for respondent.

ARMSTRONG, J. — The sentencing court added one point to Larry D. Crandall's offender score because he committed his current offense while on community placement for an earlier offense. On appeal, Crandall contends that the court erred because he was on community custody, not community placement, at the time of the current offense. We find no error and, thus, affirm.

## FACTS

Larry Crandall pleaded guilty to committing second degree attempted burglary that he committed on March 30,

2002. His criminal history gave him an offender score of 5. But the sentencing court set his offender score at 6, ruling that he committed the offense while he was on community placement. RCW 9.94A.525(17).

## ANALYSIS

Crandall argues that he was on community custody, not community placement, at the time he committed the current offense. Thus, he contends the court erred by adding a point to his offender score pursuant to RCW 9.94A.525(17).

Under RCW 9.94A.525(17), the sentencing court must add one point to the offender score "[i]f the present conviction is for an offense committed while the offender was under community placement." The record does not show clearly what Crandall's status was as of the March 2002 attempted burglary. But, the State attached the judgment and sentence from the prior offense to its brief, and the parties stipulate that we may take judicial notice of this document. ER 201.

According to the judgment and sentence, Crandall was convicted of unlawful possession of a controlled substance that occurred on July 5, 2001. The court sentenced him to four months of confinement and one year of community custody.

▉▉ Community custody is the part of an offender's sentence that is "served in the community subject to controls placed on the offender's movement and activities by the department [of corrections]." RCW 9.94A.030(5). Community placement is:

> that period during which the offender is subject to the conditions of community custody and/or postrelease supervision, which begins either upon completion of the term of confinement (postrelease supervision) or at such time as the offender is transferred to community custody in lieu of earned release. Community placement may consist of entirely community custody, entirely postrelease supervision, or a combination of the two.

RCW 9.94A.030(7). Thus, community custody is a subset of community placement. RCW 9.94A.525(17) requires the sentencing court to add one point to a defendant's offender score if the defendant committed the current offense while on community placement. The court here correctly added a point to the offender score.

In oral argument, Crandall argued that RCW 9.94A-.700 limited the application of community placement to specific crimes. We disagree. RCW 9.94A.705 requires the court to sentence a person convicted of a felony offense under chapter 69.50 RCW to one year of community placement, to begin either at release from confinement or when community custody begins. Crandall was convicted of a felony under RCW 69.50.401(d), so this provision applies. *See* RCW 9A.20.021(1)(c).

The trial court correctly added one point to Crandall's offender score under RCW 9.94A.525(17). Accordingly, we affirm.

QUINN-BRINTNALL, A.C.J., and SEINFELD, J., concur.