**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Appellant,

       v.

JARVIS LEIGHTON FRENCH,

                Respondent.

DIVISION ONE

No. 82930-1-I

PUBLISHED OPINION

DWYER, J. — The State appeals from the sentence imposed on Jarvis French after a resentencing hearing. The State contends that the superior court erred by declining to add one point to the offender score as a result of French committing his current offense while on community custody. Because the sentence condition of community custody was imposed on French pursuant to a constitutionally invalid conviction, we disagree. Accordingly, we affirm the ruling of the superior court.

I

Jarvis French pleaded guilty to one count of possession of a controlled substance with intent to manufacture or deliver in violation of RCW 69.50.401(1). In his guilty plea, French acknowledged that he committed this offense while on community custody.

On January 13, 2020, the superior court entered judgment and sentenced French to 60 months of incarceration. French had a criminal history of six prior

No. 82930-1-I/2

convictions, which included one prior conviction for possession of a controlled substance. Pursuant to this criminal history, French's offender score was 7.[1] One of these points resulted from his prior conviction for possession of a controlled substance, while another point resulted from French committing his present offense while he was on community custody. Notably, the term of community custody was imposed pursuant to his prior sentence for possession of a controlled substance.

On April 28, 2021, following our Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), French filed a pro se motion in superior court in which he sought relief from the judgment and sentence. In this motion, French asserted that, pursuant to Blake, he was entitled to be resentenced because his prior conviction for possession of a controlled substance was void.

On May 5, 2021, French's attorney filed a motion wherein he argued that French's offender score should be 5 instead of 7. On July 12, the State filed a memorandum in which the State agreed that French's prior conviction for possession of a controlled substance should not be included in his offender score. However, the State argued that French's offender score should be 6 because French committed his current offense while on community custody.

On July 14, 2021, the superior court heard argument as to the proper calculation of French's offender score. During the hearing, the superior court reasoned that, pursuant to Blake, "everything coming out of that charge,

---

[1] The standard range sentence for French's offender score of 7 amounted to a standard range sentence of 60 months to 120 months of incarceration.

No. 82930-1-I/3

including community custody, is unconstitutional, so . . . I cannot add a point for community custody." That same day, the superior court resentenced French with an offender score of 5. This resulted in a standard range sentence of 20 to 60 months of incarceration. The superior court sentenced French to the low end of the range.

The State appeals.

II

The sole issue on appeal is whether the sentencing court erred by declining to add one point to the offender score as a result of French committing the current offense while on community custody. The condition of community custody was imposed on French pursuant to his sentence for violating RCW 69.50.4013(1)—a statute that, pursuant to Blake, has always been void under both the state and federal constitutions. We hold that the superior court, when calculating French's offender score, properly declined to consider that French committed the current offense while he was on community custody as a direct consequence of an invalid conviction.

A

The Sentencing Reform Act of 1981 (the SRA) provides, in pertinent part, "[i]f the present conviction is for an offense committed while the offender was under community custody, add one point." RCW 9.94A.525(19). French committed the current offense—possession of a controlled substance with intent to manufacture or deliver in violation of RCW 69.50.401(1)—while he was serving a sentence that imposed a term of community custody. French was

3

No. 82930-1-I/4

serving this term of community custody pursuant to a prior conviction for possession of a controlled substance in violation of RCW 69.50.4013(1).

B

In Blake, our Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), "violates the due process clauses of the state and federal constitutions and is void." 197 Wn.2d at 195. In so doing, the Blake court explained:

> This case presents an issue of first impression for this court: Does this strict liability drug possession statute with these substantial penalties for such innocent, passive conduct exceed the legislature's police power? The due process clauses of the state and federal constitutions, along with controlling decisions of this court and the United States Supreme Court, compel us to conclude that the answer is yes—this exceeds the State's police power.

197 Wn.2d at 173 (footnote omitted).

It is well established that a prior conviction based on a constitutionally invalid statute may not be considered when a sentencing court calculates an offender score. State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986); accord State v. Jennings, 199 Wn.2d 53, 67, 502 P.3d 1255 (2022) (holding that, pursuant to Blake, a sentencing court may not consider a prior conviction under RCW 69.50.4013(1) when calculating an offender score).

Furthermore,

> "'[a]n unconstitutional law is void, and is as no law'"; accordingly, *a penalty imposed pursuant to an unconstitutional law is void* even if the prisoner's sentence became final before the law was held unconstitutional. Montgomery v. Louisiana, 577 U.S. 190, 204, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (quoting Ex parte Siebold, 100 U.S. 371, 376, 25 L. Ed. 717 (1879)).

4

No. 82930-1-I/5

State v. Markovich, 19 Wn. App. 2d 157, 172, 492 P.3d 206 (2021) (emphasis added), review denied, 198 Wn.2d 1036 (2022).[2]

Under the SRA, a term of community custody amounts to a penalty that may or must be imposed by a sentencing court. Indeed, "[c]ommunity placement[3] primarily furthers the *punitive* purposes of deterrence and protection." State v. Ross, 129 Wn.2d 279, 286, 916 P.2d 405 (1996) (emphasis added). Additionally, the statutory definition of community custody clarifies that a term of community custody amounts to a portion or part of the sentence imposed upon an offender:

> "Community custody" means that *portion of an offender's sentence of confinement* in lieu of earned release time or imposed as *part of a sentence* under this chapter and served in the community subject to controls placed on the offender's movement and activities by the department.

RCW 9.94A.030(5) (emphasis added). Being sentenced to a period of community custody is a direct consequence of a conviction. Ross, 129 Wn.2d at 285-86.

There are at least two reasons why the superior court did not err by declining to add one point to French's offender score as a result of his

---

[2] The State asserts that the quoted language from Markovich is merely dicta. Not so. The defendant in Markovich, on direct appeal, challenged a sentence that was imposed on him by a trial court. 19 Wn. App. 2d at 172. Therein, the defendant asserted that "his sentence [was] invalid because . . . prior out-of-state convictions for simple drug possession that were included in the calculation of his offender score [were] no longer comparable to any valid Washington crime." Markovich, 19 Wn. App. 2d at 172. In holding that the defendant was entitled to be resentenced, the appellate court explained that "a penalty imposed pursuant to an unconstitutional law is void." Markovich, 19 Wn. App. 2d at 172. This statement both related to an issue that was before the court and was necessary to decide the case. Accordingly, this statement was not mere dicta. See Johnson v. Liquor & Cannabis Bd., 197 Wn.2d 605, 618, 468 P.3d 125 (2021) ("'Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.'" (internal quotation marks omitted) (quoting In re Pers. Restraint of Domingo, 155 Wn.2d 356, 366, 119 P.3d 816 (2005))).

[3] "[C]ommunity custody is a subset of community placement." State v. Crandall, 117 Wn. App. 448, 451, 71 P.3d 701 (2003).

5

commission of an offense while on community custody. First, the term of community custody that was imposed on French pursuant to his prior conviction for violating RCW 69.50.4013(1) was a penalty imposed pursuant to an unconstitutional law. Therefore, that term of community custody was void. See Markovich, 19 Wn. App. 2d at 172. Because the term of community custody was void, the superior court properly declined to consider whether French committed an offense while on community custody.

Second, in Blake, our Supreme Court explained that, as "an issue of first impression," RCW 69.50.4013(1), "violates the due process clauses of the state and federal constitutions and is void." 197 Wn.2d at 173, 195. As such, Blake announced that courts were *never* with lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance in violation of RCW 69.50.4013(1). Moreover, because courts were never with lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance, they were also never with lawful authority to impose a *sentence* pursuant to such a conviction. Had the superior court, under these circumstances, added a point to French's offender score for committing an offense while on community custody, the court would have "renewed" the original constitutional violation. State v. Holsworth, 93 Wn.2d 148, 157, 607 P.2d 845 (1980). Accordingly, the superior court did not err.

Nevertheless, the State contends that, pursuant to the plain language of the SRA,[4] the superior court was required to add one point to French's offender score regardless of whether the term of community custody in question was imposed pursuant to a violation of an unconstitutional statute. This is so, according to the State, because neither RCW 9.94A.525(19) nor RCW 9.94A.030(5) expressly provides that a term of community custody must be imposed pursuant to a constitutionally valid conviction. The State's argument runs counter to prevailing authority.

Indeed, the SRA itself does not explicitly require a prior conviction to be constitutionally valid in order for a sentencing court to consider such a conviction when calculating an offender score. See RCW 9.94A.525. Nevertheless, it is established beyond debate that a prior conviction based on a constitutionally invalid statute may not be considered in computing an offender score. Ammons, 105 Wn.2d at 187-88. Just as we interpret the SRA to require that a prior conviction be valid in order for the conviction to be considered by a sentencing court, we likewise interpret the SRA to require that a term of community custody be validly imposed in order for such a condition to be considered by a sentencing court under RCW 9.94A.525(19).

Undeterred, the State next asserts that "[e]ven if [a] statute is void, a judgment entered pursuant to the statute is not void, but merely erroneous. Until the judgment is overturned, sanctions may be imposed for violations" of the

---

[4] "Statutory interpretation is a question of law, which we review de novo." State v. Budik, 173 Wn.2d 727, 733, 272 P.3d 816 (2012).

judgment.[5]  In support of this argument, the State quotes the following language

from an opinion in a civil dispute resolved by our Supreme Court:

> It is, of course, well settled that disobedience of, or resistance to a void order, judgment, or decree is not contempt. This is so because a void order, judgment, or decree is a nullity and may be attacked collaterally.
>
> But there is a vast difference between a judgment which is void and one which is merely erroneous.  In 31 Am. Jur., Judgments, section 401, p. 66, it is said:  "* * * a void judgment should be clearly distinguished from one which is merely erroneous or voidable.  There are many rights belonging to litigants—rights which a court may not properly deny, and yet if denied, they do not render the judgment void.  Indeed, it is a general principle that where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith.  This is true even if there is a fundamental error of law appearing upon the face of the record.  Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid."
>
> "Obviously, the power to decide includes the power to decide wrong, and an erroneous decision is as binding as one that is correct until set aside or corrected in a manner provided by law."  Freeman on Judgments, 5th Ed., section 357, p. 744.

Dike v. Dike, 75 Wn.2d 1, 7-8, 448 P.2d 490 (1968).

However, the issue herein does not involve a collateral attack on French's

prior conviction for possession of a controlled substance in violation of RCW

69.50.4013(1).  Rather, this dispute concerns the conditions that a court may

presently consider when sentencing this defendant in an entirely different cause

and for a subsequent offense.  Put simply, this case is not that case.  The State's

argument fails.

---

[5] Reply Br. of Appellant at 1.

Similarly, the State claims that we should treat the community custody

sentencing condition that is enumerated in RCW 9.94A.525(19) in the same

manner that we treat violations of erroneously entered contempt orders.  The

State cites to an opinion wherein the United States Supreme Court explained

that, in order to be entitled to relief from a court order, a party must directly

challenge the validity of that order or the order that serves as the basis for that

order:

> An injunction duly issuing out of a court of general jurisdiction with
> equity powers upon pleadings properly invoking its action, and
> served upon persons made parties therein and within the
> jurisdiction, must be obeyed by them however erroneous the action
> of the court may be, even if the error be in the assumption of the
> validity of a seeming but void law going to the merits of the case.  It
> is for the court of first instance to determine the question of the
> validity of the law, and until its decision is reversed for error by
> orderly review, either by itself or by a higher court, its orders based
> on its decision are to be respected, and disobedience of them is
> contempt of its lawful authority, to be punished.

Howat v. State of Kansas, 258 U.S. 181, 189-90, 42 S. Ct. 277, 66 L. Ed. 550

(1922).

Additionally, the State cites to a decision from our Supreme Court wherein

the court stated that "[t]he traditional measure of the vitality of a contempt

conviction for violation of a court order when the order itself is found to have

been improper is the scope of the jurisdiction of the issuing court."  Mead Sch.

Dist. No. 354 v. Mead Ed. Ass'n, 85 Wn.2d 278, 280, 534 P.2d 561 (1975).

As already explained, the issue herein involves the conditions that a court

must consider when sentencing a defendant in an entirely different cause and for

a subsequent offense.  In this cause, French does not directly challenge the

9

sentence imposed on him pursuant to his prior violation of RCW 69.50.4013(1).
Instead, French initiated this proceeding by filing a motion wherein he sought to
have his offender score recalculated for the purpose of correctly calculating the
standard range sentence applicable to a subsequent conviction for possession of
a controlled substance with intent to manufacture or deliver.  Therefore, the
contempt cases cited by the State are of no aid to our analysis.

The State also draws an analogy between the issue herein and the crime
of escape.  RCW 9A.76.110(1) provides that "[a] person is guilty of escape in the
first degree if he or she knowingly escapes from custody or a detention facility
while being detained pursuant to a conviction of a felony or an equivalent juvenile
offense."  Our Supreme Court has explained that "in a prosecution for escape the
State is not required to prove the defendant had been detained pursuant to a
constitutionally valid conviction."  State v. Gonzales, 103 Wn.2d 564, 565, 693
P.2d 119 (1985).  In Gonzales, the question presented dealt with the elements of
the crime.

Notably, the Gonzales court expressly distinguished its holding therein
from its earlier holding in Holsworth, wherein the court held that the "habitual
criminal statute requires proof of constitutionally valid prior convictions."[6]  103

---

[6] In particular, the Holsworth court stated:
We . . . hold that the defendant in a habitual criminal proceeding can challenge
the use of pre-Boykin [v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d
274 (1969)] pleas on the ground that he or she was not apprised of the nature of
or of the consequences of pleading guilty to the prior offense.  Because we do
not consider this application of Boykin principles to be either retroactive or a
collateral attack we do not reach or assess the validity of the Court of Appeals
holding in State v. Boyd, 21 Wn. App. 465, 586 P.2d 878 (1978), that attack,
although collateral, would be allowed because the plea defect was of a
constitutional nature.
93 Wn.2d at 159.

Wn.2d at 567. In so doing, the Gonzales court explained that "Holsworth involves sentence enhancement based on prior convictions" and was therefore "not analogous to the situation before us." 103 Wn.2d at 567. Similar to the issue in Holsworth, the issue herein involves a sentencing court's exercise of its authority during a sentencing proceeding. As a result, it is materially distinguishable from the issue presented in Gonzales.

The superior court did not err.

Affirmed.

Dwyer, J.

WE CONCUR:

Andrus, C.J.          Mann, J.