# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55816-5-II |
| Respondent, | (Consolidated w/ No. 55894-7-II) |
| v. | |
| JESSE STEVEN SHANNON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Jesse S. Shannon appeals the trial court's offender score calculation after his prior convictions for unlawful possession of a controlled substance were vacated pursuant to *State v. Blake*.[1] In 2020, Shannon was sentenced for various crimes, including for two possession of a controlled substance convictions. At that sentencing, the trial court added a point to Shannon's offender score because he had committed at least one of the offenses while on community custody for a 2015 possession of a controlled substance conviction.

In 2021, following the Supreme Court's holding in *Blake*, the trial court vacated Shannon's 2020 and 2015 possession of a controlled substance convictions. However, the trial court maintained a point in Shannon's offender score for committing a crime while on community custody, despite the fact that the 2015 underlying crime for which Shannon had been on community custody had been vacated. Shannon argues that remand for resentencing is required

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021) (holding that convictions for possession of a controlled substance under RCW 69.50.4013 were constitutionally void).

because the trial court erroneously maintained the point on his offender score, leading to a miscalculated offender score.

A trial court cannot consider a constitutionally invalid prior conviction when calculating an offender score, and imposing a point to an offender score based on the defendant committing the offense while on community custody for an invalid prior conviction amounts to consideration of the invalid prior conviction. Therefore, we reverse and remand for resentencing.

FACTS

On August 5, 2020, Lewis County Superior Court sentenced Jesse S. Shannon based on convictions for trafficking in stolen property in the first degree, delivery of a controlled substance, taking a motor vehicle without permission, and two counts of possession of a controlled substance. Shannon's 2020 judgment and sentence shows that Shannon had prior convictions from 2015 for possession of a controlled substance; second degree organized retail theft; bail jumping; second degree possession of stolen property; and second degree theft. During Shannon's 2020 sentencing, the trial court added a point to Shannon's offender score because he committed at least one of his crimes while on community custody for his 2015 possession of a controlled substance conviction.

On April 22, 2021, following the Supreme Court's holding in *Blake*, the trial court resentenced Shannon. The trial court vacated Shannon's three possession of controlled a substance convictions from 2020 and 2015 pursuant to *Blake*. During the resentencing, Shannon and the State disagreed as to whether a point should remain on Shannon's offender score for his commission of crimes that led to the 2020 convictions while on community custody. The basis for Shannon's community custody term was his now-vacated 2015 possession of a controlled substance conviction. Shannon's counsel argued, "[A]nything that flows from the constitutional

nature of the underlying conviction, including the community custody, I don't think should be counted there." 1 Verbatim Report of Proceedings (VRP) (Apr. 22, 2021) at 5.

The trial court did not remove the point for committing a crime while on community custody from Shannon's offender score. The trial court stated, "[E]ven though now the Supreme Court has indicated that our State's possession statute is unconstitutional, at the time [Shannon] was validly . . . on community custody, and I'm going to find that Blake does not escheat that fact." 1 VRP (Apr. 22, 2021) at 5. Shannon's offender score, after the vacation of the possession convictions but including the point for commission of a crime while on community custody, was 6.5. The trial court resentenced Shannon based on an offender score of 6.

Shannon appeals.

## ANALYSIS

Under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, an individual's offender score is the sum of points accrued for past and current convictions. RCW 9.94A.525. Sentencing courts add a point to an offender's score if he or she committed an offense while on community custody. RCW 9.94A.525(19). The SRA defines community custody as "that portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence . . . and served in the community." RCW 9.94A.030(5). Therefore, community custody "amounts to a penalty that may or must be imposed by a sentencing court" for the commission of a crime. *State v. French*, 21 Wn. App. 2d 891, 896, 508 P.3d 1036 (2022).

An unconstitutional law is void. *Montgomery v. Louisiana*, 577 U.S. 190, 204, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016). Furthermore, any "penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held

3

unconstitutional." *Id.* at 204. Constitutionally invalid prior convictions may not be counted in a person's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, *as amended*, 105 Wn.2d 175, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); *accord State v. Jennings*, 199 Wn.2d 53, 67, 502 P.3d 1255 (2022) ("A prior conviction that is constitutionally invalid on its face may not be included in a defendant's offender score."). And "community custody [must] be validly imposed in order for such a condition to be considered by a sentencing court under RCW 9.94A.525(19)." *French*, 21 Wn. App. 2d at 898.

Appellate courts review a trial court's offender score calculation de novo. *State v. Schwartz*, 194 Wn.2d 432, 438, 450 P.3d 141 (2019). A trial court exceeds its statutory authority when it imposes a sentence based on a miscalculated offender score. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997). The remedy for a sentence based on a miscalculated offender score is resentencing. *State v. Markovich*, 19 Wn. App. 2d 157, 173, 492 P.3d 206 (2021), *review denied*, 198 Wn.2d 1036 (2022).

Shannon argues that the trial court erred when it added a point to his offender score for community custody because the trial court vacated the underlying offense of his community custody sentence. Therefore, Shannon argues, his case should be remanded for resentencing. We agree.

In *Blake*, our Supreme Court declared Washington's drug possession statute, RCW 69.50.4013, unconstitutional. 197 Wn.2d at 195. *Blake* held that "courts were never with lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance in violation of RCW 69.50.4013(1)." *French*, 21 Wn. App. 2d at 897 (italics omitted). Thus, any

judgment or sentence associated with a possession of a controlled substance conviction is also void. *See Montgomery*, 577 U.S. at 204.

The State cites to cases addressing unconstitutional convictions being used as a predicate crime to support its argument that a point can be added for committing a crime while on community custody even when the underlying conviction is vacated. Specifically, the State relies on *State v. Hall*, 104 Wn.2d 486, 706 P.2d 1074 (1985), and *State v. Gonzales*, 103 Wn.2d 564, 693 P.2d 119 (1985), where the Supreme Court held that in a prosecution for escape, the State was not required to prove the predicate offense's constitutionality. But both *Hall* and *Gonzalez* are distinguishable from the facts before us because, unlike Hall and Gonzalez, Shannon was not charged with a subsequent crime that relies on the prior conviction as an *element*. Rather, the entire basis of Shannon's community custody point was the vacated 2015 possession of a controlled substance conviction. RCW 9.94A.525(19), the provision of the SRA which instructs sentencing courts to add a point to offender scores for crimes committed while on community custody, is not a crime in and of itself, unlike RCW 9A.76.110, the first degree escape statute.

The facts of *State v. French* are analogous to the facts here. In *French*, the State appealed a sentence imposed on French during a resentencing hearing, contending that the trial court erred because it failed to consider that French committed his offense while on community custody. 21 Wn. App. 2d at 892. French's community custody sentence was based on a prior possession of a controlled substance conviction, which had been vacated pursuant to *Blake*. *Id.* at 893-94. The *French* court held that the SRA requires a community custody sentence to be valid before a court may consider it in sentencing. *Id.* at 898. Because French's community custody was based on a void and vacated possession of a controlled substance conviction, the trial court properly did not

consider the invalid community custody sentence when calculating French's offender score. *Id.* at 901.

Similar to *French*, this court also affirmed a sentencing court's decision to remove a community custody point for a vacated conviction in *State v. Rahnert*, No. 55746-1-II (Wash. Ct. App. Oct. 18, 2022), https://www.courts.wa.gov/opinions/pdf/D2%2055746-1-II%20Published%20Opinion.pdf. In *Rahnert*, during a resentencing hearing pursuant to *Blake*, the sentencing court reduced Rahnert's offender score by two points—one for his vacated possession of a controlled substance conviction and one for the commission of his current offense while on community custody for the vacated conviction. Slip op. at 2. The State appealed, contending that the sentencing court should have still included the community custody point. *Id.* Consistent with the reasoning in *French*, this court held that the sentencing court properly declined to maintain the community custody point for the vacated conviction on Rahnert's offender score. *Id.* at 4-5.

Here, like in *French* and *Rahnert*, the trial court vacated a prior possession of a controlled substance conviction. The parties do not dispute that Shannon was on community custody for the vacated possession of a controlled substance conviction when he committed at least one of his crimes that led to the 2020 sentencing.[2] Thus, Shannon's community custody was a sentence associated with his void and vacated 2015 possession of a controlled substance conviction. Therefore, Shannon's 2015 community custody sentence was also void, and the trial court should not have considered it when calculating Shannon's offender score. *French*, 21 Wn. App. 2d at

---

[2] Of Shannon's 2015 convictions, the only possible crime for which he would have been on community custody was his possession of a controlled substance conviction. *See* RCW 9.94A.701.

898. Accordingly, the trial court erred because it considered a void community custody sentence when calculating Shannon's offender score in 2021.

CONCLUSION

Consistent with *French* and *Rahnert*, we hold that the trial court erred in maintaining a point in Shannon's offender score for community custody based on his vacated 2015 possession of a controlled substance conviction. We reverse Shannon's sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

I concur:

Glasgow, C.J.

No. 55816-5-II; Consol. w/ No. 55894-7-II

MAXA, J. (dissenting) — I dissent for the reasons stated in my dissent in *State v. Rahnert*,

No. 55746-1-II (Wash. Ct. App. Oct. 18, 2022),

https://www.courts.wa.gov/opinions/pdf/D2%2055746-1-II%20Published%20Opinion.pdf.

_____
Maxa, J.