# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>         Respondent,<br><br>   v.<br><br>COREY BLAINE COLEMAN,<br><br>         Appellant. | No. 56444-1-II<br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J. — Corey Coleman appeals his conviction and sentence for one count of escape in the first degree. Coleman argues that the State failed to present sufficient evidence to support his conviction because he was not "being detained pursuant to a felony conviction," which is an essential element of escape in the first degree. Br. of Appellant at 20 n.2; *see* RCW 9A.76.110(1). In so arguing, he principally relies on the Supreme Court's recent decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), which held that former RCW 69.50.4013 (2017)—the portion of the statute that makes possession of a controlled substance a felony punishable by up to five years in prison—was unconstitutional and void.

We hold that the State presented sufficient evidence to support Coleman's conviction because, under *State v. Gonzales*, 103 Wn.2d 564, 693 P.2d 119 (1985), the State is not required to prove that the defendant was being detained pursuant to a constitutionally valid conviction in a prosecution for escape in the first degree. Accordingly, we affirm Coleman's conviction and sentence for escape in the first degree.

56444-1-II

## FACTS[1]

On December 4, 2019, Coleman was convicted and sentenced for one count of possession of a controlled substance under former RCW 69.50.4013 (a felony) and one count of assault in the fourth degree under RCW 9A.36.041 (a gross misdemeanor). In his statement of defendant on plea of guilty, Coleman admitted to knowingly possessing a controlled substance.

While Coleman was incarcerated in the Department of Corrections (DOC), Governor Jay Inslee and the DOC created the rapid re-entry program (program) to address the COVID-19 pandemic for confined individuals. As part of that program, Coleman was placed onto electronic home monitoring (EHM) to serve the remainder of his sentence in home confinement. The EHM unit was equipped with a GPS tracking device so that Coleman's location could be monitored.

Coleman's home confinement was set at a residence located in Chehalis. On or about May 2, 2020, Coleman began his home confinement.

Coleman was instructed on the program's rules and conditions. Coleman acknowledged that he understood the program's requirements and signed all of the documents provided. The rules and conditions made clear that, although not inside a DOC facility, Coleman was still "in custody" and considered a DOC inmate. Clerk's Papers (CP) at 56.

Coleman was required to reside at the Chehalis residence unless DOC gave him prior approval to travel elsewhere. Coleman was also required to call DOC when directed and keep the EHM unit charged.

---

[1] The facts presented in this opinion are derived from the trial court's unchallenged findings of fact, which are verities on appeal. *State v. A.M.*, 163 Wn. App. 414, 419, 260 P.3d 229 (2011).

Coleman was approved to travel to the Lewis County Gospel Mission Monday through Friday from 9:00 AM to 11:00 AM to pick up food.[2] He was also approved to travel to the Chehalis Food Bank on May 8.

On May 12, Coleman did not call DOC as required. DOC checked Coleman's EHM data which showed that his last recorded location was in Morton on May 11. No further EHM data could be obtained because the EHM unit's battery died. Coleman was not approved to travel to Morton. The authorities checked Coleman's residence, but he was not present and his location was unknown.

On June 26, the State charged Coleman with one count of escape in the first degree. Coleman moved to dismiss the charge arguing that, as a matter of law, he was not being detained pursuant to a felony conviction (a necessary element to establish escape in the first degree) because former RCW 69.50.4013(1) was declared void by the Supreme Court in *Blake*, 197 Wn.2d 170.

The court denied Coleman's motion. The court reasoned that, under *Gonzales*, 103 Wn.2d 564, the State was not required to prove that Coleman was being detained pursuant to a constitutionally valid conviction in a prosecution for escape in the first degree.

On November 16, 2021, the matter proceeded to a stipulated facts bench trial. Coleman renewed his sufficiency of the evidence argument based on *Blake*. The court again disagreed and found Coleman guilty of escape in the first degree. The court sentenced Coleman to 63 months of confinement.[3] Coleman appeals.

---

[2] The findings of fact state that "[t]he defendant had been given approval to travel to the Lewis County Gospel Mission (72 SW Chehalis Ave., Chehalis, WA) from 9:99 a.m. to 11:00 a.m." CP at 56. The time of 9:99 AM appears to be a typo. The trial court clearly meant to convey the time as "9:00 AM." This is of limited significance because Coleman failed to call as directed.

[3] The court stayed Coleman's sentence pending the resolution of this appeal.

ANALYSIS

Coleman argues the State failed to present sufficient evidence to support his conviction for escape in the first degree. Coleman contends that substantial evidence does not support the trial court's finding that he was "being detained pursuant to a felony conviction"—an essential element of escape in the first degree—because in *Blake*, 197 Wn.2d 170, the Supreme Court held that former RCW 69.50.4013 was unconstitutional and void. Br. of Appellant at 20 n.2. The State responds that it did present substantial evidence to support Coleman's conviction for escape in the first degree because in *Gonzales*, 103 Wn.2d 564, the Supreme Court held that the State is not required to prove that a defendant was being detained pursuant to a constitutionally valid conviction in a prosecution for escape. We agree with the State.

Under both the federal and state constitutions, due process requires that the State prove every element of a crime beyond a reasonable doubt. *State v. Hummel*, 196 Wn. App. 329, 352, 383 P.3d 592 (2016). "The sufficiency of the evidence is a question of constitutional law that we review de novo." *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

The test for determining sufficiency of evidence is whether any rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). For a bench trial, "appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014).

RCW 9A.76.110(1) provides that "[a] person is guilty of escape in the first degree if he or she knowingly escapes from custody or a detention facility *while being detained pursuant to a conviction of a felony* or an equivalent juvenile offense." (Emphasis added.)

In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1), "violates the due process clauses of the state and federal constitutions and is void." 197 Wn.2d at 195. But, the *Gonzales* court held that "in a prosecution for escape [in the first degree] the State is not required to prove the defendant had been detained pursuant to a constitutionally valid conviction." 103 Wn.2d at 565.

Here, *Gonzales* is directly on point and controls the outcome of this appeal. Like Gonzales, Coleman was convicted of escape in the first degree. Although Coleman and Gonzales challenged the validity of their predicate felonies and resulting confinement in different ways, both in essence argued that their predicate felonies were constitutionally invalid and could not be used to support their conviction for escape in the first degree. Under these specific circumstances, *Gonzales* makes clear that the constitutional validity of the defendant's predicate felony and resulting confinement is irrelevant in a prosecution for escape. 103 Wn.2d at 567. Accordingly, *Blake*'s holding simply has no effect here.

Coleman argues that we should decline to follow *Gonzales* because its reasoning is flawed. However, it is well-established that "once [the Supreme Court] has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled." *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Coleman also argues that Division One's recent decision in *French*, 21 Wn. App. 2d 891, requires reversal of his conviction.[4]  But again, *Gonzales* controls here.

We hold that the substantial evidence supports the trial court's finding of fact that Coleman was "being detained pursuant to a felony conviction" despite the *Blake* court's decision holding former RCW 69.50.4013(1) void.  Accordingly, we affirm Coleman's conviction and sentence for escape in the first degree.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, P.J.

Price, J.

---

[4] In *State v. French*, Division One of this court explained the impact of the *Blake* decision:

> *Blake* announced that courts were *never* with lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance in violation of [former] RCW 69.50.4013(1).  Moreover, because courts were never with lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance, they were also never with lawful authority to impose a *sentence* pursuant to such a conviction.

21 Wn. App. 2d 891, 897, 508 P.3d 1036 (2022).