IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 83872-5-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ARTHUR WILLIAM STAVIG, | |
| Appellant. | |

BOWMAN, J. — Arthur William Stavig appeals his sentence, arguing that the sentencing court erred by adding a point to his offender score for committing the current offenses while on community custody for a prior conviction of possession of a controlled substance, a crime our Supreme Court later voided as unconstitutional in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). We agree and remand for resentencing.

FACTS

In 2013, Stavig pleaded guilty to one count of possession of a controlled substance and one count of first degree identity theft. On January 27, 2014, the trial court imposed a special drug-offender sentencing alternative (DOSA) and ordered that Stavig serve 24 months of community custody.[1]

---

[1] In 2013, an offender was eligible for a DOSA if "[t]he end of the standard sentence range for the current offense is greater than one year." Former RCW 9.94A.660(1)(f) (2009). Only Stavig's possession of a controlled substance charge carried a standard range of greater than one year.

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

In 2016, Stavig pleaded guilty to one count of first degree robbery while armed with a firearm and one count of theft of a firearm for an incident that occurred on January 21, 2016 while he was still on community custody for the DOSA. At sentencing, the trial court calculated Stavig's offender score as 8. His score included four points for prior drug possession convictions and one point for committing his current offenses while on community custody. The court sentenced Stavig to 168 months.

In 2021, our Supreme Court decided Blake, holding that the criminal statute for possession of a controlled substance was unconstitutional and void. 197 Wn.2d at 195. In light of the Blake decision, Stavig moved for resentencing with a corrected offender score of 3. He argued that his score should not include four points for the prior drug possession convictions or a point for committing the current offenses while on community custody for a drug possession conviction.

The State agreed the court should vacate the drug possession convictions under Blake but argued the "community custody point applies," so the court should calculate Stavig's offender score as 4. The sentencing court agreed with the State. It removed Stavig's prior possession convictions from his offender score but included the community custody point. Based on an offender score of 4, the court resentenced Stavig to 111 months of confinement.

Stavig appeals.

ANALYSIS

Stavig argues the trial court erred by including a point in his offender score for committing his offenses while on community custody for an invalid drug possession conviction. We agree.

Generally, when a person commits a crime while on community custody for an earlier crime, the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, requires the sentencing court to add a point to the person's offender score. RCW 9.94A.525(19). But it is "well established that a prior conviction based on a constitutionally invalid statute may not be considered when a sentencing court calculates an offender score." State v. French, 21 Wn. App. 2d 891, 895, 508 P.3d 1036 (2022). And just as we interpret the SRA to require that a sentencing court consider only a valid prior conviction when calculating an offender score, "we likewise interpret the SRA to require that a term of community custody be validly imposed in order for such a condition to be considered by a sentencing court." Id. at 898.

In French, we concluded that because the trial court had no lawful authority to enter judgment on a conviction for unlawful possession of a controlled substance, it also had no lawful authority to impose a sentence related to the invalid possession statute, including community custody. 21 Wn. App. 2d at 897. Adding a point for being on community custody for an invalid sentence would renew the constitutional violation. Id. The same is true here.

The State urges us "to reconsider [our] holding in French and affirm Stavig's sentence." It cites Mead School District No. 354 v. Mead Education

Ass'n, 85 Wn.2d 278, 280, 534 P.2d 561 (1975), and State v. Gonzales, 103 Wn.2d 564, 565, 693 P.2d 119 (1985), to reiterate the same arguments it made in French. See French, 21 Wn. App. 2d at 899-901. But as we explained in French, those cases are distinguishable from the issue here. Id. at 900-01. We see no compelling reason to part from French.

We remand for the trial court to recalculate Stavig's offender score without a point for committing the current offenses while on community custody for an unconstitutional drug possession conviction and resentence him based on the corrected score.

Brennan, J

WE CONCUR:

Smith, C.J.                    Mann, J.

4