IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38830-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON LEE STRANDBERG BIGGS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

COONEY, J. — The State appeals the trial court's dismissal of Jason Lee

Strandberg Biggs' charge of escape from community custody.  While under the

supervision of the Department of Corrections (DOC) on a conviction for unlawful

possession of a controlled substance, Mr. Biggs allegedly failed to report as required.

Consequently, he was charged with escape from community custody.  Relying on the

Supreme Court's decision in *Blake*, and without the benefit of this court's decision in

*Paniagua*, the trial court dismissed the charge of escape from community custody.  *State*

*v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021); *State v. Paniagua*, 22 Wn. App. 2d 350,

511 P.3d 113, *review denied*, 200 Wn.2d 1018, 520 P.3d 970 (2022).

We reverse and remand for further proceedings.

BACKGROUND

On July 16, 2018, Mr. Biggs was sentenced to 12 months of community custody supervision through the DOC. His supervision arose from a single conviction for unlawful possession of a controlled substance under former RCW 69.50.4013(1) (2017). As a condition of his community custody, Mr. Biggs was required to comply with the instructions, rules, and regulations of the DOC and to "report to and be available for contact with the assigned CCO [community corrections officer] as directed until instructed to no longer report, or a court order is issued closing the case." Clerk's Papers (CP) at 9.

In late June 2020, Mr. Biggs fell out of compliance after he allegedly failed to maintain contact with his CCO and did not attend a required virtual chemical dependency treatment group session. Thereafter, the CCO issued a DOC warrant for Mr. Biggs' arrest. Through mid-August 2020, the CCO had not received any communication from Mr. Biggs. Hence, the State charged Mr. Biggs with escape from community custody in violation of RCW 72.09.310. On August 13, 2020, the trial court entered a finding of probable cause for the charge and issued a bench warrant for Mr. Biggs' arrest.

In February 2021, the Washington Supreme Court delivered its opinion in *Blake*, which held that the portion of RCW 69.50.4013(1) related to simple drug possession offenses violated the due process clauses of the state and federal constitutions and was therefore void. More than a year later, in March 2022, Mr. Biggs was brought before the

2

court for an arraignment. At the arraignment, Mr. Biggs' counsel informed the court that he had reviewed the judgment and sentence that established the term of community custody. In doing so, he discovered that the "sole conviction" was for unlawful possession of a controlled substance, which was "barred by *Blake*." Rep. of Proc. (RP) at 5. Defense counsel then made an oral motion to dismiss the charge consistent with other "rulings issued by this Bench." RP at 6. In response, the State argued the charge was filed prior to the *Blake* decision and a finding of probable cause had been previously entered.

The trial court promptly granted Mr. Biggs' motion and dismissed the charge with prejudice. Applying *Blake*, the trial court found the "statute for which [Mr. Biggs] was convicted which resulted in the imposition of a term of community custody has been determined to be facially invalid." CP at 17. The trial court reasoned that the charge must be dismissed because "a requirement that an individual be subject to community custody cannot survive if the underlying conviction which required the supervision is subject to the *Blake* decision." CP at 17. The court indicated it would not exercise its discretion "to selectively pick portions of an invalidated conviction that was obtained by enforcement of a statute that has been determined to be unconstitutional on its face." CP at 18.

The State appeals.

ANALYSIS

The State contends the trial court erred when it dismissed the charge of escape from community custody. We agree.

Before the trial court, Mr. Biggs failed to provide a legal basis for his oral motion to dismiss. CrR 8.3(c) permits a defendant to move for dismissal of a charge "due to insufficient evidence establishing a prima facie case of the crime charged." S*ee State v. Knapstad*, 107 Wn.2d 346, 356-57, 729 P.2d 48 (1986). Such a motion "shall be in writing and supported by an affidavit or declaration . . . ." CrR 8.3(c)(1).

A criminal charge should be dismissed if there are "no disputed material facts and the undisputed facts do not raise a prima facie case of guilt as a matter of law." *State v. Bauer*, 180 Wn.2d 929, 935, 329 P.3d 67 (2014) (citing *Knapstad*, 107 Wn.2d at 356-57). In deciding a defendant's motion, "the court shall view all evidence in the light most favorable to the prosecuting attorney and the court shall make all reasonable inferences in the light most favorable to the prosecuting attorney." CrR 8.3(c)(3). The decision to grant a dismissal is reviewed de novo. *State v. Barnes*, 189 Wn.2d 492, 495, 403 P.3d 72 (2017).

"The elements of a crime are those facts 'that the prosecution must prove to sustain a conviction.'" *State v. Miller*, 156 Wn.2d 23, 27, 123 P.3d 827 (2005) (quoting BLACK'S LAW DICTIONARY 559 (8th ed. 2004)). "It is proper to first look to the statute to determine the elements of a crime." *Id.* Mr. Biggs was charged with escape from

4

community custody under RCW 72.09.310.  *See* RCW 9.94A.030(25)(a) (including

RCW 72.09.310 as a form of "[e]scape").  RCW 72.09.310, also described as violating

community custody, states:

> An inmate in community custody who willfully discontinues making himself or herself available to the department for supervision by making his or her whereabouts unknown or by failing to maintain contact with the department as directed by the community corrections officer shall be deemed an escapee and fugitive from justice, and upon conviction shall be guilty of a class C felony under chapter 9A.20 RCW.

For the purposes of this statute, "community custody" means "that portion of an

offender's sentence of confinement in lieu of earned release time or imposed as part of

a sentence under this chapter and served in the community subject to controls placed

on the offender's movement and activities by the department."  RCW 9.94A.030(5);

RCW 72.09.015.  It also includes community and postrelease supervision as defined by

RCW 9.94B.020.

In dismissing the escape from community custody charge, the trial court reasoned

that because the underlying charge (RCW 69.50.4013(1)) was facially invalid, there

existed no set of circumstances in which the statute could constitutionally be applied.

Alternatively stated, because community custody was imposed on a conviction from an

unconstitutional statute, Mr. Biggs was never subject to a lawful custodial order.  Relying

on analogous cases addressing bail jumping and attempt to elude a police vehicle, the

State contends the dismissal was erroneous since escape from community custody does not require proof of a valid predicate crime.

In *State v. Gonzales*, the Washington Supreme Court addressed the elements of the crime of escape. 103 Wn.2d 564, 565, 693 P.2d 119 (1985). The question in *Gonzales* was whether a person charged with first degree escape under former RCW 9A.76.110(1) (1982)[1] may challenge the constitutional validity of the convictions that led to their confinement. After Gonzales was charged with escape in the first degree, he argued that the State could only rely on constitutionally valid convictions to prove the "'conviction of a felony'" element of first degree escape. *Id.* at 566. The trial court agreed and allowed the State to only present evidence of constitutionally valid convictions. On appeal, the Supreme Court reversed, concluding the State was not required to prove the underlying convictions were constitutionally valid. *Id.* at 567-68.

The holding in *Gonzales* distinguished the crime of escape from other criminal proceedings where prior convictions must be proved constitutionally valid. For example, the State is required to prove the constitutional validity of a prior "conviction" when that conviction is used to enhance a present sentence or infringes on the exercise of a constitutionally protected right. *Id.* at 567. The same does not hold true when proving

---

[1] Former RCW 9A.76.110 (1982) stated a person was guilty of escape in the first degree "if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility."

6

whether a defendant was "detained pursuant to a conviction of a felony" for the purposes

of escape. *Id.*

Accordingly, the Supreme Court brought Washington in line with the vast

majority of other jurisdictions by holding that defendants charged with escape could not

"challenge the legality of their confinement at the escape trial." *Id.* at 567-68. If a

defendant wishes to challenge the constitutionality of their confinement imposed by a

prior conviction, a personal restraint petition is the proper avenue for such collateral

attack. *Id.* at 568; *State v. Snyder*, 40 Wn. App. 388, 339, 698 P.2d 957 (1985) (agreeing

that "the orderly administration of criminal justice" requires the judgments establishing

original confinement to "be treated as valid until a court with jurisdiction rules

otherwise").

Here, the trial court erred in finding the holding of *Gonzales* distinguishable

because it addressed circumstances where the underlying conviction was invalid as

applied to the facts of the case. The State has no burden to prove the constitutional

validity of the prior conviction, whether the challenge is as-applied or facially invalid.

Though *Gonzales* considered the elements of escape under a different statute, its

principles remain relevant to RCW 72.09.310. *See* RCW 9.94A.030(25)(a) (establishing

RCW 72.09.310 as an "[e]scape" crime). Under RCW 72.09.310, the State must prove

the defendant was "[a]n inmate in community custody." It is immaterial whether

community custody was imposed pursuant to a constitutionally valid conviction and the

7

defendant may not lodge a belated challenge to the validity of the community custody at the escape trial.[2]

More recently, this court decided *Paniagua*. In *Paniagua*, we concluded a bail jumping conviction remained valid even when the underlying crime for which the defendant failed to appear is later invalidated on constitutional grounds. 22 Wn. App. 2d at 358. Albeit *Paniagua* addressed the elements of bail jumping, it likewise affirmed a line of cases holding that the validity of an underlying conviction is not an element of the crime of escape, alleviating the State from having to prove the constitutionality of the underlying conviction. *Id.* at 356-58. To prove the crime of escape from community custody, the State was not required to present evidence that the underlying conviction, for which a term of community custody was imposed, was constitutionally valid.

Mr. Biggs further contends this court should affirm the dismissal pursuant to *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), and *State v. French*, 21 Wn. App. 2d 891, 508 P.3d 1036 (2022). These cases are distinguishable as they address sentencing consequences from prior convictions, not the elements required to prove substantive charges.

In *Montgomery*, the United States Supreme Court addressed the sentencing of offenders who were juveniles when their crimes were committed and assessed when new

---

[2] *See* 13A SETH A. FINE, WASHINGTON PRACTICE SERIES: CRIMINAL LAW § 13:4 (3d ed. 2019).

substantive rules must be retroactively applied. *Montgomery*, 577 U.S. at 197-204.

*Montgomery* is relevant in so far as it justifies why Mr. Biggs may seek to void his

unlawful possession of a controlled substance conviction and judgment in a collateral

attack even after it became final. *See id.* at 204-05. However, there exists a contrast

between a penalty imposed based on an unconstitutional conviction and the penalty

accruing from a violation of a separate *constitutionally valid* law prohibiting escape. Mr.

Biggs' prior unconstitutional conviction is not being used to determine future

punishment; rather, he is facing punishment for allegedly committing a new criminal act.

For similar reasons, *French* is unhelpful. In *French*, Division One of this court

considered whether the trial court could add a point to the defendant's offender score

where, at the time the defendant committed the criminal act, he was on community

custody pursuant to a constitutionally invalid conviction. The court concluded that

community custody imposed pursuant to an unconstitutional law could not be considered

when computing an offender score. The issue in *French* specifically involved "a

sentencing court's exercise of its authority during a sentencing proceeding." 21 Wn.

App. 2d at 901. This issue was "materially distinguishable from the issue presented in

*Gonzales*" and says nothing about the elements to prove the crime of escape. *Id.*

Finally, Mr. Biggs' reliance on *State v. Miller*, 156 Wn.2d 23, 123 P.3d 827

(2005), is not persuasive. *Miller* addressed the sufficiency of the evidence required to

prove the crime of violating a domestic violence no-contact order. As an initial matter,

the Supreme Court held that the validity of the no-contact order was not an explicit or implied element of the crime and did not require fact-finding by the jury. The court did, however, instruct that the trial court, as part of its gate-keeping function, "should determine as a threshold matter whether the order alleged to be violated is applicable and will support the crime charged." *Id.* at 31. "An order is not applicable to the charged crime if it is not issued by a competent court, is not statutorily sufficient, is vague or inadequate on its face, or otherwise will not support a conviction of violating the order." *Id.*

Subsequent decisions have warned that some of the language in *Miller* "may be capable of being read more broadly when viewed in isolation." *City of Seattle v. May*, 171 Wn.2d 847, 854, 256 P.3d 1161 (2011). The *May* court clarified that *Miller* did *not* overturn the well-established collateral bar rule which generally "prohibits a party from challenging the validity of a court order in a proceeding for violation of that order." *Id.* at 852. The *May* court explained that an order is inapplicable only when it does not apply to the defendant or to the charged conduct. *Id.* at 854. In other words, "a court enters a void order only when it lacks personal jurisdiction or subject matter jurisdiction over the claim." *Marley v. Dep't of Lab. & Indus.*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994).

Mr. Biggs failed to show that the trial court lacked jurisdiction to enter the original judgment and sentence that imposed his term of community custody. When faced with a potentially invalid court order, the solution is not to willfully violate it. Instead, Mr.

No. 38830-1-III
*State v. Biggs*


Biggs could have challenged his original judgment and sentence in a timely manner and complied with the terms of the order until it was otherwise overturned. *Snyder*, 40 Wn. App. at 339.

Because the State presented sufficient facts to establish a prima facie case for the charge of escape from community custody, the trial court erred when it granted Mr. Biggs' oral motion to dismiss. Accordingly, we reverse and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:


_____
Fearing, C.J.


_____
Staab, J.